933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willard Donald GROSS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-5191.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Willard Gross appeals the district court's order denying his 28 U.S.C. Sec. 2255 motion to vacate sentence. Following a jury trial, Gross was convicted of conspiracy to counterfeit United States obligations and securities in violation of 18 U.S.C. Sec. 371 and possession of printing plates and photographic negatives with intent to use same in counterfeiting United States obligations and securities in violation of 18 U.S.C. Sec. 474. He was sentenced to a total of seven years and six months, with fines totaling $5,000.
 
 
 3
 Gross actually filed this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. He claimed that his fifth amendment right not to be placed in double jeopardy was violated because he was tried under both the original and superseding indictments. After reviewing the magistrate's report and recommendation, the district court denied the suit as a successive pleading under 28 U.S.C. Sec. 2255, see Sanders v. United States, 373 U.S. 1, 15 (1963), and also denied Gross' motion for a change of venue.
 
 
 4
 Gross raises the same claim on appeal.
 
 
 5
 Upon consideration, we affirm the district court's order for the reasons stated in its order filed February 1, 1991. Rule 9(b)(3), Rules of the Sixth Circuit. In addition, as Gross did not raise the change of venue issue on appeal, it is abandoned. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).